IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME W. TORRES,<br><br>           Petitioner,<br><br>  vs.<br><br>C. M. HARRISON, Warden,<br><br>           Respondent. | No. C 04-04042 JW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a prisoner currently incarcerated at the Pleasant Valley State Prison in Coalinga, California, proceeding pro so seeks a writ of habeas corpus under 28 U.S.C. § 2254, alleging two claims: (1) his prosecution under Penal Code § 803 violated the Ex Post Facto Clause; and (2) the trial court's instructions regarding the burden of proof with respect to the statute of limitations violated petitioner's rights under the Sixth and Fourteenth Amendments. This Court found that the petition, liberally construed, stated a cognizable claim under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause, and petitioner has filed a

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\7.27.2007\04-04042 Torres4042_denyHC.wpd

traverse.

## BACKGROUND

Petitioner was charged and convicted for committing numerous sexual offenses against two victims between June 1, 1988, and July 2, 1992. The victims did not report the crimes until June and July 1998. Petitioner was arrested and charged in January 1999. (Answer at 6.)

Petitioner was found guilty by a jury in the Superior Court of the State of California in and for the County of San Francisco of the following: (1) 11 counts of rape (Pen. Code § 261, former subd. (2), now subd. (a)(2))[1]; (2) six counts of lewd or lascivious conduct with a child under the age of 14 (§ 288, subd. (a)); (3) one count of oral copulation (§ 288a, subd. (c)); (4) one count of continuous sexual abuse of a child (§ 288.5); and (5) one count of forcible penetration (§ 289, subd. (a)). On or about March 28, 2000, petitioner was sentenced to a term of 45 years in state prison. People v. Torres, No. A091096, slip op. at 1-2 (Cal.Ct.App. Oct. 9, 2002) (Pet. Ex. E.).

Petitioner appealed his conviction. The California Court of Appeals affirmed the conviction on October 9, 2002, and the California Supreme Court denied review on January 15, 2003. Petitioner filed the instant federal habeas petition on September 24, 2004.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\7.27.2007\04-04042 Torres4042_denyHC.wpd     2

1 he is in custody in violation of the Constitution or laws or treaties of the United
2 States." 28 U.S.C. § 2254(a).

3     The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

    "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

    "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

    A federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\7.27.2007\04-04042 Torres4042_denyHC.wpd     3

proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.   Claims and Analysis

   1.   Ex Post Facto Clause

Petitioner claims that his conviction is unconstitutional because it was obtained in violation of the Ex Post Facto Clause under the holding of Stogner v. California, 539 U.S. 607 (2003). He claims that because section 803(g) was not in effect at the time the offenses were committed, it unlawfully permitted the prosecution for the offenses after the original statute of limitations had expired.

Laws extending the limitations period for prosecution of a crime, which are enacted after the previously-applicable limitations period has expired, violate the Ex Post Facto Clause. See Stogner, 539 U.S. 607 at 607-09. If such laws are enacted before the pre-existing limitations period has expired, however, the enactment does not violate the Ex Post Facto Clause. Renderos v. Ryan, 469 F.3d 788, 795 (9th Cir. 2006); United States v. Bischel, 61 F.3d 1429, 1435-36 (9th Cir. 1995) (change in law extending statute of limitations after defendant committed offense but before original limitations period had run did not violate Ex Post Facto Clause). The fact

1    that the extension of the limitations period is conditional on certain events, such as
2    corroboration and reporting of the crime to authorities, does not matter; instead, the
3    focus is whether the limitations period has expired before the statute was enacted
4    that extended the limitations period. See Renderos, 469 F.3d at 795.
5         Petitioner's claim does not warrant federal habeas relief. At the time of the
6    sexual offenses, which occurred between June 1, 1988, and July 2, 1992, the statue
7    of limitations was 6 years. See Cal. Penal Code § 800. The statute of limitations
8    would have expired for these offenses between June 1, 1994, and July 2, 1998.
9    After the offenses were committed, but before the statute of limitations had expired,
10   section 803(g) became effective January 1, 1994, and provided under subdivision 1:
11   "Notwithstanding any other limitation of time described in this chapter, a criminal
12   complaint may be filed within one year of the date of a report to a California law
13   enforcement agency by a person of any age alleging that he or she, while under the
14   age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a,
15   288.5, 289, or 289.5." Cal. Penal Code § 803(g). Pursuant to this section, petitioner
16   was charged in January 1999, within a year of the dates the offenses were first
17   reported by the two victims, i.e., in June and July 1998. (Answer at 9.) Stogner held
18   that a law had a constitutionally prohibited retroactive effect only where the statue is
19   used "after expiration of a previously application limitations period... to review a
20   previously time-barred prosecution." See Stogner 539 U.S. at 632-633. This is not
21   so in petitioner's case. The effect of section 803(g) when it became effective in
22   1994 was to extend the statute of limitations on the charged offenses. However,
23   when 803(g) became effective in 1994, the statute of limitations on petitioner's
24   offenses had not yet expired. This extension of an unexpired statute of limitations
25   does not violate the Ex Post Facto Clause. See Renderos, 469 F.3d at 795. The state
26   court's rejection of this claim was not an objectively unreasonable application of nor

28   Order Denying Petition for a Writ of Habeas Corpus
     N:\Pro - Se\7.27.2007\04-04042 Torres4042_denyHC.wpd    5

1  contrary to Supreme Court precedent.  See 28 U.S.C. § 2254(d).  Petitioner's claim
2  is DENIED.

### 2. Instructions on the Statute of Limitations

Petitioner's second claim is that the trial court's instructions on the burden of proof with regard to the statute of limitations violated his rights under the Sixth and Fourteenth Amendments.  The instructions for the statute of limitations stated that the prosecution had the burden of proving the offenses under § 803(g) by a preponderance of the evidence and independent corroboration by clear and convincing evidence.  People v. Torres, slip op. at 7, note 5.  Petitioner claims that the lower standards of proof violated his constitutional right to a jury determination on every necessary fact and ingredient beyond a reasonable doubt.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  Winship does not preclude the state from adopting a rule that makes it easier for the state to meet the requirement of proof beyond a reasonable doubt unless the rule itself violates a fundamental principle of fairness and therefore violates the Due Process Clause.  See Montana v. Egelhoff, 518 U.S. 37, 54-55 (1996) (due process not violated by a rule excluding intoxication as evidence to refute mens rea even though the rule made it easier for the state to prove mens rea beyond a reasonable doubt).

Petitioner's claim is without merit.  Not every predicate to a conviction is an element of the crime, and the state may assign a lesser quantum of proof to a fact that is not an element of the crime.  See Renderos v. Ryan, 469 F.3d 788, 796 (9th Cir. 2006).  Neither does federal constitutional law require that the timeliness of a criminal prosecution be proven beyond a reasonable doubt.  See id. (state could require proof by clear and convincing evidence for findings necessary to trigger

Order Denying Petition for a Writ of Habeas Corpus
N:\Pro - Se\7.27.2007\04-04042 Torres4042_denyHC.wpd      6

application of a statute that extended the statute of limitations for a crime).  The instructions on standards of proof lower than beyond a reasonable doubt with respect to the statute of limitations was not unconstitutional.  See Renderos v. Ryan, 469 F.3d at 796.  Accordingly, the state court's rejection of this claim was not contrary to nor an objectively unreasonable application of Supreme Court precedent.  See 28 U.S.C. § 2254(d).  Petitioner's claim is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

DATED:     July16,  2007

JAMES WARE
United States District Judge